IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SOON OK KANG,** *et al.* | * | |
| | * | |
| Petitioners | * | |
| | * | |
| v. | * | |
| | * | Civil No. PJM 07 CV 727 |
| **ALBERTO GONZALES** | * | |
| **UNITED STATES ATTORNEY** | * | |
| **GENERAL,** *et al.* | * | |
| | * | |
| Respondents | * | |

**MEMORANDUM OPINION**

Petitioners Soon Ok Kang, Chang Ku Kang, In Hye Kang, and Byung Jin Kang, non-permanent residents of the United States residing in Bethesda, Maryland, seek to become a legal permanent residents.  On May 12, 2003, Plaintiffs filed the appropriate I-485 applications for adjustment of status with the United States Citizenship and Immigration Services (USCIS) pursuant to Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. 1255(a).  The I-485 applications were returned to Plaintiffs and had to be resubmitted on June 5, 2003.  To date, USCIS has not adjudicated his application.  In this action, Plaintiffs seek mandamus relief under 28 U.S.C. § 1361.  Specifically, Petitioners seek an order (1) compelling the USCIS to adjudicate the I-485 application and (2) awarding them reasonable attorneys fees.

Respondents, the Attorney General, et al., have filed a Motion to Dismiss on the ground that the Court lacks subject matter jurisdiction to grant the relief requested by Petitioners.  The Court agrees with Respondents.

Judge Chasanow of this Court recently issued an opinion addressing the precise issue raised in the present case, in which she concludes that 8 U.S.C. § 1252(a)(2)(B)(ii), of the Immigration and Nationality Act, precludes a district court from exercising jurisdiction to compel agency action on a pending adjustment of status application under the mandamus statute. *Goumilevski v. Chertoff*, No. DKC-06-cv-3247 (D. Md. July 27, 2007) (holding that jurisdiction does not exist because the mandamus statute and the Administrative Procedure Act divest district courts of subject matter jurisdiction over any agency action committed to agency discretion by law and 8 U.S.C. § 1252(a)(2)(B)(ii) commits to agency discretion any action in immigration matters under sections §§ 1151-1378, which includes the pace of review of an I-485 application under §1255(a)).

Similarly, Judge Motz of this Court dismissed for lack of subject matter jurisdiction a petitioner's complaint seeking to compel agency action on a pending adjustment of status application under the mandamus statute and other laws, including the Administrative Procedure Act and the Declaratory Judgment Act, following Judge Chasanow's reasoning in *Goumilevski*. *Konoplev v. Chertoff*, No. JFM-06-cv-3415 (D. Md. Aug. 10, 2007). Judge Williams has also dismissed several cases on the same grounds. *See Sun v. Chertoff, et al.*, No. AW-07-cv-391 (D. Md. Aug. 22, 2007); Lyatkin *v. Chertoff, et al.*, No. AW-07-cv-573 (D. Md. Aug. 22, 2007); *and Singh v. Gonzales, et al.*, No. AW-07-cv-895 (D. Md. Aug. 22, 2007).

The Court concurs with the opinions of Judges Chasanow, Motz, and Williams. A district court is precluded from exercising jurisdiction to compel USCIS to adjudicate the I-485 application under the mandamus statute. Because the Court lacks subject matter jurisdiction, the relief sought by Petitioners under the Equal Access to Justice Act, i.e., awarding costs and fees to the prevailing party, is likewise unavailable.

Accordingly the case will be dismissed for lack of subject matter jurisdiction. A separate order will be ENTERED.

                                              /s/
                                PETER J. MESSITTE
October 9, 2007                    UNITED STATES DISTRICT JUDGE